**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**R.L.E. CORP. d/b/a CASA
IMPORTS,**

                     **Plaintiff,**                  6:15-cv-123
                                                              (GLS/TWD)
           **v.**

**FERRARO FOODS, INC. et al.,**

                       **Defendants.**

_____

## ORDER

Pending before the court is plaintiff R.L.E. Corp. d/b/a Casa Imports' (hereinafter "Casa Imports") motion for a temporary restraining order (TRO) and preliminary injunction, by order to show cause, pursuant to Fed. R. Civ. P. 65.[1] (Dkt. No. 19.) Casa Imports seeks to enjoin defendants from, among other things, "directly or indirectly (1) soliciting or selling any and all food products to those customers of [Casa Imports] who were customers of [Casa Imports] at any time while [d]efendant [Michael] Rafte was employed by [Casa Imports], pending the hearing and determination of [Casa Imports'] request for a preliminary injunction" and (2) "disclosing [Casa

---

[1] The court need not order separate service of the motion on defendants because it has been electronically filed and defendants have been served via that electronic filing. *See* General Order 22 ¶ 5.2.

Imports'] confidential and/or propriety information and/or using [Casa Imports'] confidential and/or proprietary information, including but not limited to, customer names and pricing." (Dkt. No. 19, Attach. 19 at 5.)

Based upon the verified complaint dated January 19, 2015, (Dkt. No. 1, Attach. 2 at 3-9), the papers filed in support of Casa Imports' motion for a TRO and preliminary injunction, (Dkt. No. 19, Attachs. 1-19), and all of the proceedings held herein, which includes a telephone conference, the court finds that Casa Imports has demonstrated that it will suffer irreparable harm in the absence of a TRO and a likelihood of success on the merits. The court hereby issues a TRO temporarily enjoining defendants from: (1) directly or indirectly soliciting or selling any and all food products to those customers of Casa Imports who were customers of Casa Imports at any time while Rafte was employed by Casa Imports, pending the hearing and determination of Casa Imports' request for a preliminary injunction; and (2) directly or indirectly disclosing Casa Imports' confidential and/or propriety information and/or using Casa Imports' confidential and/or proprietary information, including but not limited to, customer names and pricing.[2]

---

[2] Regarding the posting of a bond or security, the language of Fed. R. Civ. P. 65(c) confers broad discretion on the trial judge to set the amount of the bond, and even to dispense with the bond requirement altogether. *See Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996). Defendants have failed to establish that they are likely to suffer any harm

Further, while the court is aware that a TRO may not exceed fourteen days in duration in the first instance, it prospectively finds good cause for extending that period because of the court's unavailability to conduct the oral return on the motion. *See* Fed. R. Civ. P. 65(b)(2); *see also Alliance for the Wild Rockies v. Bradford*, No. CV 09-160-M-DWM, 2010 WL 2399349, at *1 (D. Mont. June 9, 2010). The TRO will remain in effect for twenty-eight days from the date of this Order, unless extended further by agreement of the parties or further modified by the court. Finally, pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a), and N.D.N.Y. L.R. 72.3, Casa Imports' motion for a preliminary injunction is referred to Magistrate Judge Thérèse Wiley Dancks to conduct any hearings or proceedings deemed necessary and for her preparation and submission of proposed findings of fact and recommendations.[3]

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Casa Imports' motion for a temporary restraining order (Dkt. No. 19) is **GRANTED**; and it is further

---

absent the posting of a bond and as such the bond requirement is unnecessary.

[3] The court notes that, once appearances are made on behalf of all parties, Judge Dancks may conduct all further proceedings in this action, including a jury or nonjury trial, and enter final judgment, upon all parties' consent, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

**ORDERED** that defendants are temporarily enjoined from: (1) directly or indirectly soliciting or selling any and all food products to those customers of Casa Imports who were customers of Casa Imports at any time while Rafte was employed by Casa Imports, pending the hearing and determination of Casa Imports' request for a preliminary injunction; and (2) directly or indirectly disclosing Casa Imports' confidential and/or propriety information and/or using Casa Imports' confidential and/or proprietary information, including but not limited to, customer names and pricing; and it is further

**ORDERED** that the TRO will remain in effect for twenty-eight days from the date of this Order, unless extended further by agreement of the parties or further modified by the court; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a), and N.D.N.Y. L.R. 72.3, Casa Imports' motion for a preliminary injunction (Dkt. No. 19) is referred to Magistrate Judge Thérèse Wiley Dancks to conduct any hearings or proceedings deemed necessary and for her preparation and submission of proposed findings of fact and recommendations; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order

to the parties.

**IT IS SO ORDERED.**

March 30, 2015
Albany, New York